ROBERTS SEED CO. v. MT. PLEASANT
OIL MILL.   (No. 2148.)

(Court of Civil Appeals of Texas.   Texarkana.
June 13, 1919.   Rehearing Denied June 26,
1919.)

1. SEQUESTRATION ⬅18—BURDEN OF PROOF
ON CLAIMANT OF PROPERTY LEVIED ON.

Under Vernon's Sayles' Ann. Civ. St. 1914,
arts. 7786, 7790, the burden of proof was on
the claimant of property levied on under writ of
sequestration.

2. SEQUESTRATION ⬅18 — SHOWING RELA-
TION OF DEBTOR AND CREDITOR INSUFFI-
CIENT TO ESTABLISH OWNERSHIP.

Where the claimant of cotton seed levied
on under writ of sequestration showed merely
that the relation of debtor and creditor ex-
isted between it and defendants in the suit, hav-
ing failed to establish ownership of the seed,
claimant was not entitled, under Vernon's
Sayles' Ann. Civ. St. 1914, art. 7790, to the
judgment.

Appeal from District Court, Red River
County;  Ben H. Denton, Judge.

Suit by the Mt. Pleasant Oil Mill against
Holder & Gibson, a partnership, and N. A.
Gibson, individually, wherein plaintiff caused
writ of sequestration to be levied on certain
property, and the Roberts Seed Company, a
partnership, filed claim under the statute.
From a judgment against them, claimant
firm appeals.   Affirmed.

Chambers & Dodd and Prentice Wilson,
all of Clarksville, for appellant.

T. C. Hutchings and J. M. Burford, both
of Mt. Pleasant, for appellee.

LEVY, J.   The appellee caused a writ of
sequestration to be levied on the personal
property in controversy, and the appellant
filed a claim under the statute.   Claiming
to be the owner and entitled to possession
of 25 tons of cotton seed, the appellee, a
domestic private corporation, instituted suit
in the district court of Titus county against
Holder & Gibson, alleged to be a copartner-
ship composed of Ed Holder, N. A. Gibson,
and H. F. Difee, and against N. A. Gibson
individually, who claimed an interest in the
property, and whose alleged interest was
denied by the plaintiff.   A writ of seques-
tration was sued out and directed to Red
River county, where the constable of pre-
cinct No. 3 in that county levied upon and took
into his possession "25 tons of cotton seed
and all seed cotton situated and located in
the seed house of Holder & Gibson at gin at
Sherry, Texas, in Red River county, Texas."
The constable placed the value of the cotton
seed at "twelve hundred and fifty dollars."
Appellant in its affidavit of claim alleged
that the Roberts Seed Company was a part-
nership composed of F. A. Antone and F. R.

Igo, and "that said firm claims the following
described personal property, to wit, 25 tons
of cotton seed."   The appellant further al-
leged ownership of the cotton seed at the
time of the levy of the writ, and that the
cotton seed was "in the possession of an
agent of the claimant," and "that the cotton
seed was not and is not the property of either
of the defendants."   By supplemental pe-
tition the appellee denied that the cotton
seed sequestered was in the possession of any
agent of the claimant.   After hearing the
evidence the trial court peremptorily in-
structed a verdict against the claimant.

[1, 2] It is believed that there was no er-
ror in giving the peremptory instruction, for
the burden of proof was on the claimant,
and the evidence showed that the appellant
did not have title to the cotton seed, either
in themselves or through an agent, at the
time of the levy of the writ, and that only
the relation of debtor and creditor existed
between appellant and Holder & Gibson, de-
fendants in the writ.   The statute provides
that if the property sequestered is taken
from "the possession of the defendant in
such writ, or any other person than the
claimant," the burden of proof shall be on
the claimant.   Article 7786, Vernon's Sayles'
Statutes.   And where any claimant of prop-
erty shall fail to establish his right thereto
judgment shall be rendered against him and
his sureties for the value of the property,
with legal interest from the date of the bond.
Article 7790, Vernon's Sayles' Statutes.   The
officer's return on the writ shows that the
writ was executed "by levying upon and
taking actual possession of 25 tons of cotton
seed and all cotton seed situated and lo-
cated in the seed house of Holder &
Gibson at gin at Sherry, Texas, in Red
River county, Texas.   Value estimated
to be $1,250."   And the evidence admit-
tedly, and even without question, we
think, shows that the cotton seed sequester-
ed was at the gin and in the actual physi-
cal possession of the ginners, Holder & Gib-
son, who were the defendants in the writ.
And the evidence establishes as a matter of
law that Holder & Gibson were not holding
possession of the cotton seed at the time of
the sequestration as agents, or in the legal
capacity of agents, of the appellant.   The
evidence showed that Holder & Gibson, as
a partnership, owned and operated a cotton
gin at Sherry, in Red River county, and in
the fall season of 1916 purchased the cot-
ton seed of the patrons of the gin.   H. T.
Difee, it appears, held an interest in the
gin, by conveyance, until November of 1916.
In the seed house of the gin plant was stor-
ed the cotton seed purchased by the said
ginners, as well as that owned by the pa-
trons, and each owner, when removing his
cotton seed, took his quantity by weight.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It appears that Holder & Gibson, by prearrangement with the Roberts Seed Company, gave checks on the City National Bank at Clarksville, which checks were paid by the bank, and each day the Roberts Seed Company refunded to the bank the money paid out on these checks of Holder & Gibson. This arrangement was made by the Roberts Seed Company with Holder & Gibson in order to obtain all the cotton seed collected at the gin. The checks given, it appears, were in payment of cotton seed and seed cotton purchased by Holder & Gibson, and for labor and materials used in running the gin, hauling water, and for bagging and ties. The Roberts Seed Company kept an account of the money paid out to Holder & Gibson, and charged the same to them; and when Holder & Gibson delivered cotton seed at Clarksville to the Roberts Seed Company, credit was given them on the books of the Roberts Seed Company for the price of the seed, and in addition thereto $1.50 per ton as a commission for the buying. The Roberts Seed Company did not credit the account of Holder & Gibson until the cotton seed were brought and weighed on the scales at Clarksville and then delivered to them; and it appears from the evidence that Holder & Gibson received a profit from the seed delivered to appellant. Norton Gibson, of the firm, testified:

"We did not settle up until the end of the season, and then there was owing us [Holder & Gibson] something over $1,000, and they [the Roberts Seed Company] gave us a check for that amount."

The evidence established, we think, as a matter of law, the relation of debtor and creditor between the Roberts Seed Company and Holder & Gibson. Failing, as appellant did, to establish the ownership of the seed, then the appellee was entitled to the judgment. On the date of the instrument the following bill of sale was made:

"Talco, Texas, November 2, 1916.

"For and in consideration of $54 per ton I hereby sell to the Mt. Pleasant Oil Mill all seed, being about 20 or 25 tons, owned by the Holder & Gibson gin at Sherry, Texas, and now stored in their seed house at said gin; proceeds to be credited on my account with said oil mill.

"[Signed] Holder & Gibson, by H. T. Difee.
"H. T. Difee."

At the date of the bill of sale there were about 25 tons of cotton seed in the seed house at the gin that the said firm had purchased, and which was in their actual possession at the time. The appellee's right to sue out the sequestration writ was in virtue of this bill of sale. The value of the seed at the time of the levy of the writ, was, it appears, $50 or $52 per ton. Assignments of error Nos. 3, 5, 6, 13, 15, and 16, all pertaining to the giving of the peremptory instruction are therefore overruled.

It is concluded that assignment of error No. 1 should be overruled, as presenting no reversible error.

The officer's return on the sequestration writ showed that he valued the cotton seed at the time of the levy of the writ, at $50 a ton, and the appellant Antone testified that the seed were worth on an average of $50 or $52 a ton. The judgment rendered was for $50 per ton. The fourteenth assignment of error is overruled.

The remaining assignments of error have each been considered, and it has been concluded that they should be overruled.

Judgment affirmed.

---

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes